On Petition for Rehearing
PER CURIAM.
Petition for rehearing represents that this cause involves a matter of public interest and that the brief of appellee was not filed and oral argument was not requested because of a misunderstanding between counsel.
*769 The unusual circumstance prompted us to allow the filing of briefs by appéllee and the cause has now been fully argued before the court.
Appellee contends that under our opinion in Campoamor v. State Live Stock Sanitary Board, 136 Fla. 451, 182 So. 277, the Livestock Board can exercise the powers granted to it by Sections 585.15 and 585.16, Florida Statutes, F.S-.A., only in the event of an emergency of epidemic proportions. We find nothing either in the cited decision or the Statutes that so limits the Board’s . powers. Such a limitation might be read into the Act as a reasonable prerequisite to the enforced destruction of a farmer’s animals to prevent the spread of a disease but in the administering of hog cholera serum nothing is forced upon the farmer. As a matter of fact we are told by competent text writers that there is little known as a _successful cure for hog cholera once the hog is infected. Hence the consistent policy of the Florida Legislature in making substantial bi-annual appropriations to provide anti-hog cholera serum for the use of Florida farmers at no cost to the farmer. The passage of the hog cholera serum act every two years has become almost a legislative tradition.
Appellee argues that the County Agent and Assistant County Agent charge the farmers ten cents per hog to inoculate the animal and that this should be stopped. The answer denies this. We did not, and do not pass upon the point because the County Agent and his Assistant are not parties to the cause. We might observe, however, that the history of hog cholera legislation suggests that under existing laws it is apparently not contemplated that a public agency charge the farmer for the service.
It is argued finally that administering hog cholera serum through a state agency is a form of socialized veterinary medicine and as such is contrary to the fundamentals of our free enterprise system and should therefore be nullified by this court despite legislative sanction thereof. Regardless of our own philosophy on the subject, we are not so empowered. Relief from the practice, if it is to be obtained, must come from the Legislature and not from the courts. It is not within the province of the judiciary to question the ■wisdom of a valid enactment of the legislative branch of the government.
In the ultimate this case presents a problem for the Legislature to solve. As the law now stands the courts can do nothing about it so long as the Florida Livestock Board sees fit to authorize the practice.
We have carefully studied the helpful briefs but fail to find any reason to recede from our original opinion to which we now adhere on rehearing.
DREW, C. J., and TERRELL, HOB-SON, and THORNAL, JJ., concur.